# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**CARMEN MILLER,**                                        **Case Number:**

     **Plaintiff,**

**v.**

**HARTFORD FIRE INS. CO. d/b/a**
**THE HARTFORD.,**

     **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Carmen Miller, by and through her undersigned counsel, hereby brings this action against Defendant, HARTFORD FIRE INS. CO. d/b/a THE HARTFORD., for the recovery of damages in the form of unpaid overtime wages owed to Plaintiff by Defendant. Plaintiff brings this action before the Court and against Defendant pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. § 201-216 (the "FLSA"). Plaintiff seeks to recover unpaid overtime wages, liquidated damages, attorney's fees, and costs. In further support of Plaintiff's claim, Plaintiff states as follows:

<u>Parties</u>

1.      Plaintiff is a qualified female and resident of Florida and was employed by Defendant.

2.      Defendant is headquartered in Apopka, Florida.

<u>Jurisdiction</u>

3.      Defendant is a domestic, for-profit fire insurance company headquartered in Orange County, Florida.

4.      Defendant provides fire insurance throughout Orange County, Florida and other surrounding counties in Central Florida.

5.      Plaintiff is a Florida resident who resides in Orange County, Florida.

6.      Plaintiff was employed by Defendant in Orange County, Florida.

7.      The events giving rise to this action occurred in Orange County, Florida.

8.      Jurisdiction and venue are proper in the Middle District of Florida – Orlando Division because Defendant is headquartered in the Middle District of Florida.

Factual Allegations

9.    Plaintiff was paid by Defendant as an hourly employee.

10.    Plaintiff was paid on an hourly basis and not subject to any exemptions under the FLSA.

11.    Plaintiff was employed by Defendant from approximately June 9, 2019, until approximately March 9, 2022.

12.    During the entirety of Plaintiff's employment, Plaintiff regularly and routinely worked more than 40 hours in a single workweek.

13.    Plaintiff was not paid at least one-and-one-half times her regular rate for all hours worked beyond 40 in a single workweek for Defendant.

14.    Plaintiff was an hourly, non-exempt employee not subject to any exemptions or exceptions under the FLSA and was entitled to be paid premium wages for all hours worked beyond forty (40) in a single workweek.

15.    Plaintiff was engaged by Defendant to work as a Clerical Legal Analyst during the three (3) years prior to the initiation of this lawsuit.

16.    Defendant owns and operates a fire insurance company, known as "THE HARTFORD".

17.    Defendant engaged in an illegal policy of requiring Plaintiff to work more than 40 hours in a single workweek and did not allow Plaintiff to properly record all of her hours worked.

18.    Defendant engaged in the illegal practice of willfully and intentionally under recording the total number of hours worked by Plaintiff during each workweek.

19.    Defendant caused, encouraged, suffered, and permitted Plaintiff to work "off the clock" and not to report all her working hours. Plaintiff, at Defendant's behest, often worked during her unpaid lunch breaks and also at home after Plaintiff had clocked out of work and was not being paid.

20.    Defendant was aware of the work Plaintiff performed off the clock because Defendant encouraged Plaintiff to do so. Upon information and belief, Defendant encouraged Plaintiff to work off the clock in order to extract additional work from Plaintiff without compensating Plaintiff for said work.

21.    Defendant did not record the hours Plaintiff worked off the clock on Plaintiff's timesheets and, therefore, Defendant did not pay Plaintiff for all hours worked.

22.     Defendant's intentional wage theft and timesheet manipulation was done in order to avoid paying Plaintiff's overtime wages or reduce the amount of overtime wages paid to Plaintiff.

23.     Defendant engaged in willful and intentional wage theft and timesheet manipulation throughout the entirety of Plaintiff's employment. Defendant's nefarious practices affected nearly each week of Plaintiff's employment.

24.     Plaintiff routinely worked more than 40 hours in a single workweek. However, Defendant did not pay Plaintiff time-and-one-half her regular rate for *all* hours worked beyond 40 in a single workweek.

25.     Defendant controlled every aspect of Plaintiff's employment.

26.     Specifically, Defendant determined: the times Plaintiff worked, Plaintiff's rate of pay, the locations where Plaintiff worked, the way in which Plaintiff performed her work, the days when Plaintiff completed her work, and the days Plaintiff was allowed to request off for leave.

27.     Additionally, Defendant provided Plaintiff with all of the resources she needed to utilize in completing her job duties for Defendant.

28.     The Defendant was Plaintiff's employer because Defendant exercised substantial control over Plaintiff's performance of her job duties.

29.     Plaintiff worked for Defendant in Orange County, Florida.

30.    Instead of paying overtime wages, Defendant circumvented the FLSA by failing to pay Plaintiff's overtime wages, even though Plaintiff habitually worked up to 45 hours a week or more.

31.    Plaintiff was not always paid time and a half for all hours worked over forty in any given week.

32.    As of this date, Plaintiff has still not been paid the entirety of her wages and has not been compensated for the full extent of her damages and wage loss under the FLSA.

33.    Plaintiff regularly and habitually worked more than 40 hours per week and was not paid overtime wages for the hours worked beyond 40 in a single week.

34.    Defendant, at all relevant times to this complaint, was Plaintiff's employer as defined by 29 U.S.C. § 203(d). Plaintiff was an individual covered under the FLSA as she performed duties and responsibilities that involved commerce and/or the production of goods for commerce in the early childhood educations services as Defendant operates as "THE HARTFORD".

35.    Plaintiff regularly communicated with out-of-state clients, vendors, and entities in the performance of her job duties. Plaintiff's communications occurred via email and telephone.

36.    This action is brought under the FLSA to recover from Defendant, unpaid wages in the form of overtime wages, liquidated damages, and reasonable attorneys' fees and costs.

37.    The Court has jurisdiction over Plaintiff's claims as all material events transpired in Orange County, including those brought pursuant to the FLSA.

38.    At all material times relevant to this action, Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203(s). Upon information and belief, including Plaintiff's experience with Defendant as well as the sheer size of Defendant's organization suggest that the Defendant are a multi-million-dollar operation that has considerable expertise in the insurance industry. Accordingly, Plaintiff alleges that enterprise coverage is present in this case because Defendant has an annual volume of at least $500,000.00 in revenue and has two or more employees that handle goods in commerce, including materials and supplies, who also use telephones, fax machines and other instrumentalities of commerce.

39.    Defendant provides insurance benefits to persons and entities located both within the State of Florida and in other states.

40.    At all material times relevant to this action, Plaintiff in her capacity as an employee was individually covered by the FLSA. This would include doing hourly work as a Clerical Legal Analyst without managerial responsibility. Plaintiff

did not bear supervisory responsibility for any other employees. Plaintiff did not regularly direct the hiring and firing of any employees. Plaintiff did not participate in the creation of budgets or maintain the production of sales nor did Plaintiff plan or control the budget of the Defendant's in any way. Plaintiff did not implement legal compliance measures.

41.     At all times relevant to this action, Defendant failed to comply with 29 U.S.C. §§ 201-209, because Plaintiff performed services for Defendant for which no provisions were made by Defendant to properly pay Plaintiff for all hours worked during her employment. Plaintiff worked over 40 hours nearly every week during her employment with Defendant. The off the clock work that Plaintiff was directed to do was intentional and was designed to extract additional hours of labor out of Plaintiff for the benefit of the Defendant, who then refused to pay Plaintiff premium wages. Notably, Defendant is in exclusive possession of the majority of relevant records in this case, including timesheets, payroll records and schedules and other documentation that might reasonably assist Plaintiff with providing even greater specificity regarding the precise weeks that Plaintiff worked more than 40 hours. Plaintiff alleges that she routinely worked in excess of 40 hours per week, including time for which Defendant made no provisions to properly record.

42.    Defendant failed, refused and/or neglected to keep accurate time records pursuant to 29 U.S.C. § 211(c) of Plaintiff's, and others similarly situated to her, true hours of work.

## COUNT I – RECOVERY OF OVERTIME WAGES COMPENSATION

43.    Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-42, above.

44.    Plaintiff was entitled to be paid her regular rate of pay for each hour worked per work week as well as premium wages for those hours worked over 40 hours in a single workweek.

45.    During her employment with Defendant, Plaintiff regularly worked more than 40 hours each week in which she was not paid at the correct rate of pay.

46.    In Plaintiff's case, she routinely performed labor, at Defendant's specific request for the sole benefit of Defendant and was not paid for the hours she worked.

47.    As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiff the correct premium rate of pay for each hour worked beyond 40 in one or more work weeks, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

48.     As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to payment of the unpaid wages under Florida law, as well as liquidated damages under the FLSA.

WHEREFORE, Plaintiff demands judgment against Defendant, including, but not limited to, reimbursement of an amount equal to the loss of overtime wages, and liquidated damages, together with costs and attorney's fees pursuant to the FLSA, and such other further relief as this Court deems just and proper.

DATED: May 10, 2023.

**/S/ Kyle J. Lee**
Kyle J. Lee, Esq.
FLBN: 105321
LEE LAW, PLLC
1971 West Lumsden Road, Suite 303
Brandon, Florida 33511
Telephone: (813) 343-2813
Kyle@KyleLeeLaw.com